JOSEPHINE DOANE, Ancillary Administratrix of Annie V. Ninos, deceased, *vs.* NICHOLAS NINOS.

1. **ARREST—STATUTES AUTHORIZING ARREST IN CIVIL ACTIONS STRICTLY CONSTRUED.**

   Statutes authorizing arrest in civil actions, or providing for writs of *capias ad respondendum*, though remedial in character, are nevertheless penal and must be strictly construed.

2. **ARREST—AFFIDAVIT FOR CAPIAS AD RESPONDENDUM HELD INSUFFICIENT AS RELATING ONLY TO ACQUISITION OF PROPERTY.**

   An affidavit for writ of *capias ad respondendum*, in which all the fraudulent transactions set out related, not to the disposition of property by defendant, but to its acquisition, did not specify fraud within *Rev. Code* 1915, § 4093, which permits the writ where defendant has secreted, conveyed away, assigned, settled, or disposed of personal property with intent to defraud creditors.

*(October 19, 1923.)*

RODNEY, J., sitting.

*Horace G. Eastburn* and *John B. Jester* for plaintiff.
*Ayres J. Stockly* for defendant.

Superior Court for New Castle County, September Term, 1923.

No. 33, September Term, 1923.

This case was begun by a writ of *capias ad respondendum.* The affidavit upon which the writ was predicated set out that the defendant was justly indebted to the plaintiff in a sum exceeding Fifty Dollars "and that she verily believes that the said defendant has secreted, conveyed away, assigned, settled or disposed of" certain monies, household goods and jewelry aggregating in value $2311.00, "with intent to defraud his creditors". The affidavit then proceeded as follows:

"The said fraudulent transaction consists as follows: the said property having been the property of Annie V. Ninos at and immediately prior to the

time of her death, that she died on or about the Thirteenth day of July, A. D. 1922, and although deponent is informed and believes that she was not married to the said defendant above named, the said defendant appeared before the Coroner in and for the City and County of Philadelphia who had taken charge of the body of the said decedent, and having reported to him that he was entitled to receive her personal goods and chattels, the said Coroner turned over and paid to the said defendant, the sum of Three Hundred and Forty-three ($343.00) Dollars in cash and also delivered to the said defendant, each of the above stated items of jewelry of the value as stated above; that the said defendant also took possession of household goods and furniture of the said decedent of the value of One Hundred ($100.00) Dollars as above stated, all of which said cash money, jewelry, and furniture, the said defendant has since secreted, conveyed away or disposed of with the intent as aforesaid, to defraud his creditors;" * * *.

The affidavit was filed under *Sec.* 4093 of the *Revised Code* of 1915, the material parts of which are as follows:

"No writ of *capias ad respondendum* shall be issued against any citizen of this State, in any civil action, unless the plaintiff therein, or if there be more than one, some one or more of the plaintiffs, shall have made a written affidavit, and filed the same in the office of the Prothonotary of the Superior Court of the County out of which the writ is to issue, stating that, to the best of his or their belief, the defendant has absconded, or is about to abscond from the place of his usual abode; or that the defendant is justly indebted to the plaintiff, in a sum exceeding fifty dollars, and that he verily believes the said defendant has secreted, conveyed away, assigned, settled or disposed of, either money, goods, chattels, stock, securities for money, or other personal estate or real estate of the value of more than one hundred dollars, with intent to defraud his creditors, and shall, moreover, in such affidavit, specify and set forth the supposed fraudulent transactions.* * * ".

RODNEY, J., delivering the opinion of the Court:

[1] While it is true that statutes authorizing arrest in civil actions or providing for the issuance of writs of *capias ad respondendum* are remedial in character, yet nevertheless, they are penal, being in derogation of personal liberty and are to be strictly construed. As said in *Thomas v. Colvin* (15 *Del.*), 1 *Marv.* 106, 27 *Atl.* 829, "the ground upon which we base our decision is that no man should be deprived of his liberty, where the statute provided certain things shall be done, unless that is strictly done".

This case arises upon the petition of the defendant to investigate the allegations of the plaintiff's affidavit upon which the writ of *capias* issued. The material portions of the statute applicable to this case are, "The Superior Court in term time * * * upon the petition of any person arrested * * * shall investigate the allegations and specifications of fraud contained

in said affidavit: and if, upon such investigation, the Court or Judge shall consider that there was not or is not sufficient cause for the arrest, the person arrested shall be discharged and the plaintiff shall pay the costs".

It will be seen from the statute set out in the preliminary statement of this case that not only must the plaintiff allege the indebtedness of the defendant to the plaintiff and that the defendant has secreted, conveyed away, assigned, settled or disposed of certain property with intent to defraud his creditors, but shall "moreover, in such affidavit, specify and set forth the supposed fraudulent transactions". It is the allegation and specification of the fraudulent transcations that is to be inquired into by the Court.

I am of the opinion that the affidavit was not sufficient to sustain a writ of *capias ad respondendum* and that the defendant must be discharged.

While the statute requires the plaintiff to make affidavit that the defendant has "secreted, conveyed away, assigned, settled or disposed of" certain property in fraud of creditors to obtain the writ of *capias*, it does not necessarily mean that the plaintiff can make use of the different schemes of fraud in the alternative because the statute then says the affidavit must specify and set forth the fraudulent transaction . In the present case all the expressions of the statute were included in the alternative. In *Wade v. Judge*, 5 *Ala.* 130, it was held that an affidavit to hold to bail which affirms that the defendant "has fraudulently conveyed or is about fraudulently conveying his estate or effects" is defective because it is in the alternative.

[2] It seems, however, almost unnecessary to pass upon this point because there is no specification of fraud within the purview of the statute. All of the fraudulent transactions set out in the affidavit relate not to the disposition of the property by the defendant but to its acquisition, and there is not one word in the affidavit amplifying or enlarging the allegation that the defendant secreted, conveyed away or disposed of his property.

*Thomas v. Colvin (Supra)* was a case much like the present under the same statute, and the Court there said, "where you base it (the affidavit of the plaintiff) upon the fraudulent transaction, it must be the disposition of the defendant's property with intent to defraud his creditors. The specification set forth in this affidavit is that the defendant procured property by fraud and ifradulent representations. The statute requires that the specification shall be that he disposed of—got rid of—property for the purpose of defrauding his creditors".

The case at Bar is peculiar in another aspect. In the testimony taken the plaintiff contended that the property alleged to be secreted or disposed of was the property of the plaintiff's testatrix and under the will became the absolute property of the plaintiff herself individually. There is some authority that the defendant cannot be arrested on a *capias* for secretion of plaintiff's property, but with the question of ownership of the property I prefer to have nothing to do in this proceeding. That question can properly be determined by a verdict of a jury in an action of replevin or trover. This was the attitude of Spruance, J., in a somewhat similar proceeding in *Johnstone v. Kelly, 7 Penn.* **119** (23 *Del.*), 74 *Atl.* **1099**. It may not be out of place here to state that this case is inadvertently mentioned as a report of the Orphans Court, whereas that Court had no jurisdiction, but the matter was heard, under the statute, before a Judge of the Superior Court in vacation.